IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
DAN SHAKED,
individually and on behalf of a class,

         Plaintiff,

v.

SDB CENTRAL CORP., doing business as
CASA MAYA MEXICAN GRILL,
and DOES 1-10,

         Defendant.
---------------------------------------------------------x

10 CIV. 0113

COMPLAINT – CLASS ACTION

JUDGE ROBINSON

## INTRODUCTION

1. Plaintiff Dan Shaked brings this action to secure redress for the violation by SDB Central Corp., doing business as Casa Maya Mexican Grill, of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

> **No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

3. Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." Pirian v. In-N-Out Burgers, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D.Cal. Apr. 5, 2007); accord, Iosello v. Leiblys, Inc., 502 F.Supp.2d 782 (N.D.Ill. 2007); Follman v. Hospitality Plus of Carpentersville, Inc., 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D.Ill., Oct.

1

17, 2007); Follman v. Village Squire, Inc., 07 C 3767, 2007 U.S. Dist. LEXIS 92585 (N.D.Ill., Dec. 18, 2007); Korman v. Walking Co., 503 F. Supp. 2d 755 (E.D.Pa. 2007); Ramirez v. MGM Mirage, Inc., 2:07-CV-00326-PMP-PAL, 2007 U.S. Dist. LEXIS 95254 (D.Nev. December 3, 2007).

4. The purpose of this "truncation requirement" is to prevent identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

5. One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This modus operandi is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

6. The expiration date is generally necessary for misuse of the card number.

7. Merchants generally will not honor a credit card in a card-not-present transaction (telephone or Internet or fax) without both the correct expiration date and the card number. Thieves prefer to engage in such transactions to commit credit card fraud, so as to reduce the chances of apprehension.

8. To curb this means of identity theft, Congress prohibited merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

9. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later

than December 4, 2006.

10. Defendant has willfully violated this law and failed to protect plaintiffs and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement.

11. On June 3, 2008, Congress retroactively removed liability for willful expiration date violations through that dates. This amendment was widely publicized and sponsored by the Chamber of Commerce and other retailer organizations.

12. Plaintiff brings this action against defendant based on defendant's violation of 15 U.S.C. §§1681 *et seq.* Plaintiff seeks statutory damages, attorneys fees, costs, and such other relief as the Court deems proper, including punitive damages.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p (FCRA).

14. Venue in this district is proper because defendant SDB Central Corp. does business here.

## PARTIES

15. Plaintiff, Dan Shaked, is a resident of New York.

16. Defendant SDB Central Corp., is a New York corporation. It does business as Casa Maya Mexican Grill at 706 Central Park Avenue, Scarsdale New York 10583.

17. Defendant SDB Central Corp., is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

18. Defendants Does 1-10 are individual officers, directors, employees and


agents of defendant SDB Central Corp., authorized, directed or participated in the violations of law complained of.

## FACTS

19. On December 12, 2009, plaintiff Dan Shaked received from Casa Maya Mexican Grill a computer-generated cash register receipt which displayed plaintiff's card expiration date. The receipt is attached hereto as Exhibit A - with the card expiration date redacted.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

21. The class is defined as all persons to whom Casa Maya Mexican Grill provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in New York, which receipt (a) was issued within two years prior to the filing of this action and displays more than the last five digits of the person's credit card or debit card number, or (b) was issued after June 3, 2008 and displays the expiration date of the person's credit or debit card.

22. The class is so numerous that joinder of all individual members in one action would be impracticable.

23. There are over 100 persons to whom Casa Maya Mexican Grill provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in New York, which receipt (a) was issued within two years prior to the filing of this action and displays more than the last five digits of the person's credit card or debit card number, or (b) was issued after June 3, 2008 and displays the expiration date of the person's credit or debit card.

24. Plaintiff's claim is typical of the claim of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

25. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

    a. Whether defendant had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement.

    b. Whether defendant thereby violated FACTA;

    c. Whether defendant's conduct was willful.

    d. Identification and involvement of the Doe defendants.

26. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

27. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## VIOLATION ALLEGED

28. Defendant violated 15 U.S.C. §1681c(g)(1), which provides that:

**. . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

29. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C.

§1681c(g)(1).

30. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

31. Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as plaintiffs and the class members. In transacting such business, defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

32. After the effective date of the statute, defendant, at the point of sale or transaction, provided plaintiffs and each class member with one or more electronically printed receipts on each of which defendant failed to comply with the truncation requirement.

33. FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

34. VISA, MasterCard, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed merchants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and the need to comply with the same.

35. The requirement was widely publicized among retailers.

36. For example, in response to earlier state legislation enacting similar

truncation requirements, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. . . . The first phase of this new policy goes into effect July 1, 2003 for all new terminals. . . . ." "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, March 6, 2003.

37. Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

38. The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.

39. For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

40. Defendant accepts Visa cards and is a party to a contract requiring compliance with the above-quoted requirement.

41. American Express has a manual that contains a similar depiction of what information must be suppressed.

7

42. These requirements were widely publicized. The following are illustrative.

43. On July 9, 2003, L. Richard Fischer of VISA USA presented a written statement to the House Committee on Financial Services supporting the truncation requirements of what ultimately became FACTA. Mr. Fischer stated:

> Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity. For example, Section 203 of Title II would prohibit any merchant or other entity that accepts credit and debit cards from printing more than the last four digits of the card account number *or the expiration date* upon receipts provided to cardholders at the point of sale

44. On January 10, 2007, the National Retail Federation sent a memo to the general counsels of its members warning that failure to suppress both "credit card expiration dates or anything beyond the last five digits of a customer's credit card number on the copy of the receipt provided to the customer" was likely to result in a lawsuit.

45. The Federal Trade Commission issued a business alert in May 2007 entitled "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," which stated: "According to the federal Fair and Accurate Credit Transactions Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date."

46. Truncation standards, including the standards reflected in the Visa Merchant Rules and in FACTA, permit the publication of the last four or five digits of customer account numbers on the receipt presented to customers at the point of sale. The publication of this minimal amount of account information is necessary to facilitate merchant account reconciliation, processing

of returns, etc. In isolation, the publication of *only* the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

47. The publication of expiration dates on customer receipts disseminated at the point of sale, *in addition to* the last four or five digits of the customer account number, exponentially increases the possibility of identity theft, which is the obvious reason that Visa, and then Congress, requires the truncation of expiration dates.

48. The expiration dates are used to confirm that a person making a purchase over the phone or on the internet actually has the card in their possession.

49. Banks and credit card associations (i.e. Visa, MasterCard, American Express, etc.) are keenly aware of the importance of truncating expiration dates.

50. The costs of truncating credit and/or expiration dates and account numbers is minimal.

51. Most of defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

52. Defendants willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

53. The FCRA, 15 U.S.C. §1681n, provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer**

**is liable to that consumer in an amount equal to the sum of–**

(1)

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

54.   The FCRA, 15 U.S.C. §1681p, provides:

**§ 1681p. Jurisdiction of courts; limitation of actions**

An action to enforce any liability created under this title [15 USCS §§ 1681 et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants as follows:

a.   For statutory damages of $100 to $1,000 per violation;

b.   For attorney's fees, litigation expenses and costs;

c.   For such other and further relief as the Court may deem proper,

including punitive damages.

_/s/ Abraham Kleinman_
Abraham Kleinman (AK-6300)

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Pro hac vice admission to be applied for.

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_/s/ Abraham Kleinman_
Abraham Kleinman

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*Abraham Kleinman*

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

T:\23897\Pleading\Complaint_Pleading.wpd

# EXHIBIT A

```
                  Casa Maya
                 Mexican Grill
                706 Central Ave
                 Scarsdale, NY
Server: EMIGDIO              DOB: 12/12/2009
06:24 PM                          12/12/2009
Table 41/1                           2/20017

AMEX                                  3145758
Card #XXXXXXXXXXXX4001         Exp: ▮▮▮▮
Magnetic card present: SHAKED D
Approval: 575433
```
REDACTED

```
                    Amount:        59.76
                     + Tip:    _10.00_
                   = Total:    _69.76_


X_____
Approval: 575433

          Thank You For Your Patronage

                   Customer Copy
```